UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| In re: | ) | |
|---|---|---|
| | ) | Case No. 15-32456-SVK |
| TRACY M JACKSON, | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S NOTICE OF TELEPHONE HEARING ON DEBTOR'S OBJECTION TO TRUSTEE'S AFFIDAVIT OF DEFAULT AND DEBTOR'S OBJECTION TO AFFIDAVIT OF DEFAULT AS FILED BY TRUSTEE SCOTT LIESKE**

PLEASE TAKE NOTICE that a telephone hearing will be held before the Honorable Susan V. Kelley, United States Bankruptcy Judge, on December 4, 2018, at 9:45 am, to consider the debtor's objection to the Trustee's Affidavit of Default in this case. **To appear by telephone, you must call the Court conference line at 1-888-675-2535, access code 9918878 before the scheduled hearing time.** Please note that the Court may already be in session, so please wait quietly on the telephone for your case to be called. The Debtor is welcome, but not required to participate in this hearing.

The debtor, Tracy M Jackson, by her attorneys, Nickolai & Poletti, LLC, by William P. Nickolai, for her objection to the Affidavit of Default filed by Trustee Rebecca Garcia on November 5, 2018, allege and state as follows:

1. The basis of the trustee's Affidavit of Default is that the debtor has "failed and neglected to make the required payments."

2. The debtor asserts that she can establish extraordinary circumstances as to why payments were missed as required by the Court's order dated January 17, 2018 (Docket No. 91).

3. The Debtor owed a post-filing debt to the Wisconsin Department of Workforce Development totaling $7,178.00. She has been working tirelessly to make payments on that debt to avoid additional late charges and penalties.

Drafted By: William P. Nickolai
State Bar No. 1017534
Nickolai & Poletti, LLC
152 E. State Street
Burlington, WI  53105
Telephone: (262) 757-8444
Facsimile: (262) 287-9725
Email: bill@nickolailaw.com

2

4. The debtor has been working on the required repairs that were ordered by City of Milwaukee inspector to complete on the inside and outside of her rental home.

5. As of September 27, 2018, she was given permission to begin renting the property again. Debtor will now be receiving steady rental income and is confident she can make all required payments moving forward.

6. Accordingly, it is the position of the debtor that the trustee's Affidavit of Default should be rejected and that the above-captioned case be allowed to continue.

Wherefore, the debtor hereby respectfully request that this Court reject that Trustee's Affidavit of Default.

Dated: November 12, 2018.

                        Nickolai & Poletti, LLC
                        Attorneys for Debtors

                        /s/ William P. Nickolai
                        By: William P. Nickolai